FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAY 06 2014   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MR. SIDNEY FRANCE,

                Plaintiff,

        -against-

NASSAU COUNTY JAIL,
NASSUA [SIC] JAIL OFFICERS,

                Defendants.
------------------------------------------------------X

MEMORANDUM & ORDER
14-CV-2547(SJF)(GRB)

FEUERSTEIN, District Judge:

On April 21, 2014, incarcerated *pro se* plaintiff Sidney France ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Jail ("the Jail") and unidentified "Nassua [sic] Jail Officers" ("the Jail Officers") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee, see 28 U.S.C. §§ 1914(a) and 1915(a)(1), his application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

I.    Background[1]

The complaint alleges, in its entirety:

    "To Whom This my [sic] Concern

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

> I conduct myself properly doing [sic] my visit. I was not in
> possetion [sic] of any contraband doing [sic] my short visit when
> the officer take me in handcluff [sic] as soon as I set [sic] down,
> they came in grab [sic] me in srip [sic] me for my closes [sic].
> They sent me back to my Dorm. I only had one person that comes
> in [sic] visit me. They take [sic] that from me. The person that
> came had no contraband, nother [sic] did I. So I have Booth Visit
> for nothing. I didn't get a wright [sic] up so why am I in Booth
> Visit for something I didn't do. I feel all my right [sic] been
> violated in [ sic] my visiter [sic] as well."

(Compl. at 6.) Plaintiff does not allege any injury or seek any relief. (*Id.* at ¶¶ IV.A-V, and at 6.)

II.   Discussion

   A.   Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), and to construe them "to raise the strongest arguments that they suggest." Gerstenbluth v. Credit Suisse Securities (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), aff'd — U.S. ----, 133 S. Ct. 1659, 185

L. Ed. 2d 671 (2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)); see also Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1937); accord Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc, 712 F.3d 705, 717 (2d Cir. 2013).

B. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010)

3

(citing Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012); see also Ahlers v. Rabinowitz, 684 F.3d 53, 60-61 (2d Cir. 2012), cert. denied, 133 S. Ct. 466, 184 L. Ed. 2d 261 (2012).

### 1. Claims against the Jail

"'Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'" Burbar v. Incorporated Village of Garden City, 961 F. Supp. 2d 462, 471 (E.D.N.Y. 2013) (quoting Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); see also Robischung-Walsh v. Nassau County Police Dep't, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010), aff'd, 421 F. App'x 38 (2d Cir. 2011). Since the Jail is an administrative arm of the County of Nassau ("the County"), see, e.g. Jones v. Nassau County Correctional Inst., Nos. 14-cv-1217, 14-cv-1562, 2014 WL 1277908, at * 4 (E.D.N.Y. Mar. 26, 2014) (holding that the Nassau County Jail is merely an administrative arm of the County of Nassau and "lack[s] any independent legal identity apart from Nassau County"); Thomas v. Armor of Medical, No. 13-cv-5786, 2014 WL 112374, at * 3 (E.D.N.Y. Jan. 9, 2014) (dismissing claim against the Nassau County Jail because it "has no legal identity separate and apart from Nassau County"); Hawkins v. Nassau County Corr. Facility, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011), it lacks the capacity to be sued. Accordingly, the claims against the Jail are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. However, since plaintiff is proceeding *pro se,* his Section 1983 claims against the Jail will be construed as being brought against the County.

## 2. Municipal Liability

"[A] municipality [or municipal entity] can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality [or municipal entity]." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012), cert. denied, 134 S. Ct. 125, 187 L. Ed. 2d 255 (2013). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v. Thompson, — U.S. —, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, — U.S. —, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, — U.S. —, 131 S. Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S. Ct. 2018)); Humphries, — U.S. —, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)). "A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011). "Official

municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, — U.S. —, 131 S.Ct. at 1359.

In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality [or municipal entity] by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (quotations and citation omitted). "[D]eliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent." Id.; see also Cash, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. See Triano v. Town of Harrison, N.Y., 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012); Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Santos, 847 F. Supp. 2d at 576; see also Triano, 895 F. Supp. 2d at 535 (accord).

The complaint is devoid of any factual allegations from which it may reasonably be inferred that a municipal policy or custom caused the conduct of which plaintiff complains. Plaintiff has not alleged: (1) the existence of a formal policy which is officially endorsed by the

County or the Jail; (2) actions taken or decisions made by County or Jail policymaking officials which caused the alleged violation of his civil rights; (3) a County or Jail practice so persistent and widespread as to practically have the force of law; or (4) a failure by County or Jail policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Accordingly, plaintiff's Section 1983 claims as construed to be against the County are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

### 3. Claims against the Jail Officers

Federal Rule of Civil Procedure 8(a) requires that a pleading contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief sought * * *," Fed. R. Civ. P. 8(a)(3). A complaint must contain factual allegations that are sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555, 127 S. Ct. 1955 (citation and internal quotation marks omitted); see also Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, L.L.C., 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013). "Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). "Rule 8(a) contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." Anderson News, 680 F.3d at 182 (quotations, brackets and citations omitted).

7

"For a complaint to be sufficient, the claim asserted must be one that, in light of the factual allegations, is at least 'plausible.'" Anderson News, 680 F.3d at 182. To present a plausible claim, the complaint "must allege facts that would be sufficient to permit a reasonable inference that the defendant has engaged in culpable conduct: 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949).

When a complaint fails to satisfy the Rule 8 pleading standard, a district court may dismiss the complaint on motion or *sua sponte*. Simmons, 49 F.3d at 86; see also Kalderon v. Finkelstein, 495 F. App'x 103, 106 (2d Cir. 2012) ("[T]he District Court would have acted well within its discretion in dismissing the complaint (with leave to replead) for failure to comply with Rule 8(a)(2) and (d)(1) of the Federal Rules of Civil Procedure.") However, "if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend * * * especially * * * when the complaint states a claim that is on its face nonfrivolous." Simmons, 49 F.3d at 86-87.

Plaintiff's complaint, even liberally read, does not meet the pleading requirements of Rule 8(a), since, *inter alia*, it cannot be discerned from the complaint when or where the acts of which plaintiff complains occurred so as to enable the County to even identify any of the unnamed Jail Officers, much less file an answer or prepare a defense on their behalf, and it does not seek any relief, see Fed. R. Civ. P. 8(a)(3). Accordingly, plaintiff's Section 1983 claims against the Jail Officers are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

### 4. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Grullon v. City of New Haven, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord). Accordingly, plaintiff's Section 1983 claims against the Jail Officers, and as construed to be against the County, are dismissed without prejudice, **provided that plaintiff file an amended complaint against the Jail Officers and the County in accordance with Rule 8(a) of the Federal Rules of Civil Procedure and this Order on or before June 9, 2014**, or the claims against the Jail Officers, and as construed to be against the County, will be deemed dismissed in their entirety with prejudice. If plaintiff chooses to file an amended complaint, he must set forth the factual allegations to support his claim(s) against defendant(s), including all relevant dates, times, locations and any other facts from which the identity of the unidentified defendants may be ascertained. If plaintiff is unable to identify the Jail Officers he seeks to sue within the time allowed, he may include them as "John Doe" or "Jane Doe" in the amended complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

### C. Supplemental Jurisdiction

Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 129 S. Ct. 1862, 1866-1867, 173 L. Ed. 2d 843 (2009) (holding that a district

court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary); Pension Benefit, 712 F.3d at 726 ("It is a truism of federal civil procedure that in providing that a district court 'may' decline to exercise [supplemental] jurisdiction, § 1367(c) is permissive rather than mandatory." (quotations, brackets and citation omitted)). The court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over the pendent state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); see also Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 117-18 (2d Cir. 2013) (accord). Generally, where all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining state law claims. See Cohill, 484 U.S. at 350 n. 7, 108 S. Ct. 614; Lundy, 711 F.3d at 118 ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination."); Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.")

Insofar as the complaint can be read to assert any state law claims against defendants, in light of the dismissal of all federal claims in this action prior to service of summonses and the complaint upon defendants, and upon consideration of all relevant factors, i.e., judicial economy, convenience, fairness and comity, I decline to exercise supplemental jurisdiction over those claims. Accordingly, any state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3), **unless plaintiff files an amended complaint pleading a viable federal claim against defendants in accordance with this Order.**

10

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; the claims against the Jail are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; the Section 1983 claims against the Jail Officers, and as construed to be against the County, are *sua sponte* dismissed in their entirety without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, provided that plaintiff file an amended complaint in accordance with this Order **on or before June 9, 2014**, or the claims against the Jail Officers, and as construed to be against the County, will be deemed dismissed in their entirety with prejudice; and any state law claims asserted in the complaint are dismissed in their entirety without prejudice pursuant to 28 U.S.C. § 1367(c)(3), unless plaintiff files an amended complaint pleading a viable federal claim against defendants in accordance with this Order. Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: May 6, 2014
Central Islip, New York

11